## CANNON *v.* FOSTER.

Opinion delivered December 22, 1919.

1. CANCELLATION OF INSTRUMENTS—FRAUD—INTERVENING RIGHTS.— A deed given in exchange of property will not be canceled on the ground of fraudulent misrepresentation as to the quantity and condition of the land where the rights of innocent purchasers have intervened.

2. COVENANTS—MEASURE OF LIABILITY.—The measure of liability of a covenantor for breach of warranty as to part of the land exchanged is the proportionate value of such part.

**3.** Vendor and purchaser—fraud—measure of damages.—Where, in a suit to cancel a deed given in exchange of lands on ground of fraud, defendant has falsely represented that certain land would be embraced in the description contained in the deed, he would be liable to plaintiffs for the difference in value between the land which he represented would be conveyed and that which was in fact conveyed as of the date of the conveyance.

Appeal from Lee Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*C. W. Norton,* for appellants.

1. In view of the circumstances supporting Cannon's testimony and discrediting Foster's, the court erred in its findings as to fraud and mistake. The evidence shows both.

2. Mistake upon part of plaintiffs as to the location of the land called for by the deed is shown conclusively, and the deed should have been canceled.

3. There was a material failure of consideration. On the question of fraud, and failure of title, see 22 Ark. 205; 40 *Id.* 420; 123 *Id.* 175; 185 S. W. 277; 46 Ark. 337-354; 11 *Id.* 58. On the doctrine of rescission for mistake, see 19 Cyc. 1252; 4 R. C. L. 506; Black on Resc. & Can., § § 140, 436; 103 N. E. 296-7. See also 30 Ark. 687.

*W. S. Ward* and *Daggett & Daggett,* for appellees.

1. The evidence fails to show either fraud or mistake. The two causes of action, one based on fraud and the other on mistake, are inconsistent, and the court correctly required an election. As to the liability of Miss Pearce, the law is correctly stated in 12 R. C. L., p. 339, § 477.

2. Conceding that Foster was guilty of fraud, such fraud can not be imputed to defendant Pearce without showing (1) that Foster acted as her agent and perpetrated ·the fraud with her knowledge and consent, and (2) that she benefited from Foster's fraudulent practices. Fraud is never presumed and the burden was on him who alleged it to prove it by clear and satisfactory evidence. 92 Ark. 509. Appellants have failed to do this by competent testimony.

A vendee who discovers fraud or misrepresentations of the vendee before the contract of sale is consummated can not afterwards complain. 99 Ark. 458. Cannon knew before he paid the draft attached to the deed (1) that Yancey owned the timber on the land Foster showed him, and (2) that the greater portion of the land, if not all, lay on the east side of the lake, and appellants can not recover. 99 Ark. 458; 40 *Id.* 420; 123 *Id.* 257. These two latter cases are cited by appellant, and they have no application here, as Miss Pearce neither participated in the fraud or derived any benefit from it, nor was Foster her agent. Miss Pearce has no place in this suit. Cannon's remedy, if any, was against Foster alone.

SMITH, J. Appellants, Sam and Caledonia Cannon, who are husband and wife, seek by this suit to cancel a deed executed by them conveying two lots in the city of Marianna and to recover the sum of $725, which sum of money, together with the lots, furnished the consideration paid by appellants for a certain tract of land described as north of river west half of the southwest quarter of section 17, township 2 north, range 4 east, containing sixty acres, according to the plat of the government survey.

Appellee Foster contracted to buy this land from his co-appellee, Miss Pearce, for the sum of $750, and he contracted to convey it to appellants for the sum of $725 and their two lots, and these negotiations were consummated by a deed from Miss Pearce to appellants for the land and a deed from appellants to Foster for the lots together with the payment of $725, the net result being that Foster acquired the two lots in Marianna as the result of the two deeds by the payment of $25.

Appellants filed an amended complaint and several amendments to their complaint, and in these pleadings there were allegations of fraud and of mistake, and the court required an election upon the ground that these allegations were repugnant and inconsistent and required appellants to elect upon which of said pleas they would

rely. Having saved exceptions to this ruling, appellants elected to proceed upon the allegations of fraud. This appeal, however, brings the entire record before us for review, and the briefs discuss all the questions raised by the pleadings or the testimony, and we proceed to a consideration of the entire cause *de novo.*

Appellants discuss the pleadings and the testimony under three heads and say they are entitled to the relief prayed under either. It is first said there was fraud upon the part of the appellee, Foster, by showing to appellant Cannon a different piece of land from that he proposed to sell him; second, mistake upon the part of appellants as to the location of the land called for by the deed made to them, whether such mistake was or was not induced by fraudulent representations; third, a material failure of consideration or impossibility of performance by appellees in that they can not deliver title to at least a third of the land contracted to be conveyed.

The case presents a pure question of fact. The land in question is described as that part of west half of southwest quarter of section 17, north of the river; but a lake flows through this land and empties into the river on this land, and there is testimony showing that the land lying west of the lake is higher and better, and, consequently, more valuable than that east of the lake. The land in question adjoins the east half of the southeast quarter of section 18, the west line of which eighty-acre tract of land had been surveyed out and painted and is referred to by the witnesses as the blue painted line. Appellant Sam Cannon testified that appellee Foster showed him this blue line and told him it was the west line of the land he was buying, and he testified that he showed this line to his wife and one James Turner as the line to the land which he was buying a week before the delivery of the deeds. Caledonia Cannon corroborated her husband by testifying that he showed her the blue line as the west line of the land he was about to buy; and Turner gave testimony to the same effect. This blue line was not the west line of the land described in the deed. Had it been

the line to the land which it was intended to be conveyed, it would have embraced all of the east half of the southeast quarter of section 18 north of the river.

Appellant Sam Cannon testified that he thought all the land he was buying was west of the lake, and that he would not have bought but for this representation. On the other hand, Foster denied that he had made any such representation, and a disinterested witness testified that Foster told Cannon in his presence that there were only fifteen acres west of the lake. It is said, however, that there is not even that quantity of land west of the lake; but no survey of this land has been made, and the witnesses vary in their estimates on that subject.

In the original opinion\* in this case the decree of the court below was affirmed upon the ground that the testimony did not show what quantity of land was in fact west of the lake, and we said the appellant must, therefore, fail for the lack of this proof, for we said we could not otherwise know to what extent, if at all, they had failed to receive the land called for in their deed.

In the petition for rehearing it is now pointed out that in a prior deed executed by Miss Pearce to another party she had conveyed all the land lying west of the lake north of river, west half southwest quarter, section 17, township 2 north, range 4 east, and could not, therefore, have conveyed any land west of the lake to the Cannons, even though her deed may have described land which in fact was west of the lake. A closer examination of the description contained in this prior deed confirms the truth of the statement just made, so that we now conclude that the representation that there was any land west of the lake could not have been true.

We think the testimony shows a representation by Foster that as much as fifteen acres of this land was west of the lake, and in our original opinion we did not reverse the decree because, as we then thought, the testimony did not definitely show that representation was false.

\*The original opinion was withdrawn, and this opinion substituted. (Rep.).

With the facts before us as we now understand them, appellants make a case for rescission, and would be granted that relief but for the further fact, which also appears, that the rights of innocent purchasers have intervened and that relief could not be granted without injustice to these purchasers, with whom the greater equity lies.

There is no showing that Miss Pearce made any representations to the Cannons, nor did Foster represent himself to be, nor was he believed to be, her agent; so that no liability attaches to Miss Pearce as Foster's principal in his dealing with the Cannons. Her liability, if any exists, will arise out of the breach of her warranty, and that liability depends on the question whether in fact any of the land described in her deed to the Cannons had been previously conveyed by her. If so, the measure of her liability will be the proportionate value of the proportion of the land, if any, which was twice conveyed at the time of the conveyance, because, to that extent, in that event, her deed will fail to convey the land which it describes.

Foster's liability, however, is not thus limited. He may have been honestly mistaken about the land which would be conveyed under the description of north of river west half southwest section 17, township 2 north, range 4 east, and it may be found that Miss Pearce has not in fact twice conveyed the same land, yet this would not necessarily excuse Foster from liability. If, as the testimony establishes, Foster falsely represented that fifteen acres west of the lake would be embraced in the description employed in the deed, then he is liable to the Cannons for the difference in the value between the land which he represented would be conveyed and that which was in fact conveyed as of the date of the conveyance.

As the testimony has not sufficiently developed the facts essential to be known to decide the questions stated, we reverse the decree with directions to the court below to make this finding and to hear such additional testimony as may be necessary for that purpose.